OPINION OF THE COURT
Marylin G. Diamond, J.
Plaintiff, Joseph Fucito, in his official capacity as Deputy Sheriff, and representative capacity as president of the New York City Deputy Sheriffs Association, moves, by order to show cause, for a judgment declaring Local Laws, 1995, No. 53 of the City of New York (Local Law 53) null and void on the ground that it violates section 2604 (c) (1) of chapter 68 of the New York City Charter, entitled "Ethics”.[1]
Defendants, Peter Vallone, as Speaker of the Council of the City of New York (Speaker Vallone), the Council of the City of New York (the City Council), and Rudolph Giuliani, as Mayor of the City of New York (Mayor Giuliani) (collectively referred to as the City), cross-move, pursuant to CPLR 3211 (a) (2) and (7), for preanswer dismissal of the complaint.
Local Law 53 consolidates the office of the City Sheriff (the City Sheriff’s office) within the Department of Finance (the Finance Department), and repeals chapter 44 of the New York City Charter (the City Charter), which created the City Sheriff s office. Prior to Local Law 53’s enactment, the City Sheriff’s office operated as an agency independent of any of the other City agencies. The City Sheriff, who is appointed by the Mayor (City Charter § 1031), performs duties that traditionally include the discovery and seizure of property, the arrest of individuals, and the service of judicial mandates, orders and decrees. In ad *787 dition, the City Sheriff is also charged with the responsibility of enforcing money judgments in favor of the City, including judgments resulting from parking violation summonses issued by agents of the Finance Department. The City Sheriff is also called upon by the private sector to enforce judgments against the City.
In the instant action, plaintiff claims that Local Law 53 undermines the integrity and independence of the City Sheriff’s office. Specifically, plaintiff contends that the new framework consolidating the City Sheriff’s office within the Finance Department creates an impermissible conflict of interest in violation of chapter 68 of the City Charter. Plaintiff alleges that this organizational structure places the City Sheriff in the untenable position of collecting judgments against its own agency, i.e., the Finance Department, and, allegedly precludes the City Sheriff from attaching the City’s monetary accounts when enforcing judgments against the City. In that regard, plaintiff alleges that the consolidation threatens the , City Sheriff s traditional role as an enforcement agency for the courts and the private sector in that collecting for the City would take precedent over these two groups. Plaintiff also claims that this alleged priority given to the City in enforcing money judgments in the City’s favor violates the order of priorities set forth under CPLR 5234.
The threshold issue that must be addressed is whether the City Charter empowers either Mayor Giuliani or the City Council to effectuate the challenged consolidation. Section 11 of the City Charter, entitled "[RJeorganization of agencies under jurisdiction of mayor”, empowers the Mayor to "organize or reorganize any agency under his jurisdiction, including the authority to transfer functions from one agency to another; create new agencies; eliminate existing agencies; and consolidate or merge agencies” in order to achieve effective and efficient functioning and management of the City government. There is no dispute that the City Sheriffs office is an agency under the jurisdiction of the Mayor (City Charter §§ 1031, 1032). Thus, pursuant to section 11, Mayor Giuliani has the authority to seek consolidation of that office with another agency, in this case, with the Finance Department, which he has done with the enactment of Local Law 53.[2] Mayor Giuliani sought such consolidation in order to increase the efficiency be *788 tween the City Sheriffs office and the Finance Department. In that regard, the consolidation streamlined the functions of both agencies by eliminating duplicative administrative functions performed by the City Sheriff’s office and the Finance Department. (Lubin affirmation ¶ 5.)[3] Such policy determinations are generally beyond judicial review (see, Matter of New York State Inspection, Sec. & Law Enforcement Empls. v Cuomo, 64 NY2d 233, 239 [1984] ["(T)he lawful acts of executive branch officials, performed in satisfaction of responsibilities conferred by law, involve questions of judgment, allocation of resources and ordering of priorities, which are generally not subject to judicial review”]).
The court now turns to whether the challenged consolidation violates section 2604 (c) (1) of chapter 68 of the City Charter. The statutory language relied upon by plaintiff was superseded by a new chapter 68, entitled "Conflicts of Interest”, which became effective on January 1, 1990 (ibid.). Although former section 2604 (c) (1) was superseded, the statutory language dealing with conflicts of interest in the new section is virtually identical to the former section.
Section 2604 (b) (2) provides: "No public servant shall engage in any business, transaction or private employment, or have any financial or other private interest, direct or indirect, which is in conflict with the proper discharge of his or her official duties.” A plain reading of section 2604 (b) (2) clearly shows that the statutory language curtails a city employee’s private or personal business activities that would interfere with the "proper discharge of his or her official duties.” This section and the other remaining sections of chapter 68 do not specifically address conflicts that may arise when a city employee, as in this case the City Sheriff, must enforce judgments against and on behalf of the City. While chapter 68 exists to maintain and ensure the public’s confidence in the integrity of government decision making, it provides no basis for plaintiff’s instant challenge to Local Law 53.
Nevertheless, even if chapter 68 were broadly construed to apply to the new organizational framework under Local Law 53, the reporting structure implemented under this new organizational framework is designed to avoid any conflict. Prior to the consolidation, all uniformed officers enforcing debts owed by the City, which included Deputy Sheriffs collecting *789 debts on behalf of the City, reported to a single person, namely the Chief of Staff for the City Sheriff. Thus, to the extent that Deputy Sheriffs have always been City employees, and have previously been required to enforce judgments against the City, the alleged conflict which is the linchpin of this motion has always existed.
On the other hand, assuming arguendo that the City Sheriffs duty of collecting for and against the City, which is continued under Local Law 53, were deemed to be a conflict of interest, the reporting structure implemented after consolidation provides new oversight that sufficiently insulates the City Sheriff’s office from any such conflict. After consolidation, the Public Seizure Unit, responsible for collecting debts owed to the City, will report jointly to the Assistant Commissioner of Public Enforcement for the City Sheriff’s office and to the Finance Department. Another change will be that the unit of Deputy Sheriffs responsible for private sector enforcement, which includes enforcement of judgments against the City, will report to the Chief of the Uniformed Services. Thus, any concern plaintiff may have had over an apparent conflict of interest resulting from consolidation has been addressed by this reporting structure, which provides for separate oversight concerning collections for and against the City.[4]
Accordingly, plaintiff’s motion for a judgment declaring Local Law 53 null and void is denied. Defendants’ cross motion to dismiss the complaint is granted.
It is ordered that plaintiff’s motion for a judgment declaring Local Law 53 null and void is denied; and it is further ordered that defendants’ motion to dismiss the complaint is granted, and the complaint is dismissed.

. Plaintiff also sought temporary and preliminary injunctive relief that would have enjoined enactment of Local Law 53. This court denied plaintiff’s request for a TRO. Local Law 53 was enacted on June 27, 1995, and became effective on July 27, 1995. Thus, that branch of the motion seeking preliminary injunctive relief is rendered moot in view of the fact that Local Law 53 has already taken effect.

. Plaintiff does not contend that Mayor Giuliani failed to comply with the procedural mandates to effectuate a consolidation as set forth in section 11 of the City Charter.

. Mr. Lubin is Deputy Counsel to the City Sheriff, and has served in this position since March 1995. Prior to that position, Mr. Lubin served as staff attorney in the City Sheriff’s office.

. Plaintiff’s remaining contentions that this organizational structure would allegedly preclude the City Sheriff from attaching the City’s monetary accounts when enforcing judgments against the City, and would allegedly give priority to enforcing judgments for the City over the private sector in violation of CPLR 5234 are conclusory and not supported by the record.